JULY 1, 1942

**No. 47357.**—Protest 42182–K of Edwin R. Wakefield. C. D. 660.

ORDER

Upon reading the motion for a rehearing herein, together with the affidavit of Richard E. FitzGibbon, sworn to the 14th day of April, 1942, and the memorandum of Paul P. Rao, Assistant Attorney General in charge of Customs, attorney for the defendant, all in support thereof, and after reading the memorandum of Edwin R. Wakefield, Esquire, attorney for the plaintiff, in opposition thereto; it now appearing to the court that the plaintiff has failed to show by proper evidence that the rate of 35 percent ad valorem plus 8 cents per pound is less than 45

percent ad valorem when applied to the instant merchandise, and for the purpose of clarifying our original decision, and in the interest of establishing a uniform classification for the instant merchandise, it is hereby

ORDERED that the motion for rehearing be, and the same is in all respects, granted.

Dated New York, N. Y., *July 1, 1942.*

WILLIAM J. TILSON,
FRED'K W. DALLINGER,
*Judges of the United States Customs Court.*

### DISSENTING OPINION

I respectfully but very strongly dissent from the decision of my colleagues in granting the motion of the defendant over the strenuous objection of plaintiff for a rehearing in this case.

I have carefully reexamined this entire record, together with the original decision and judgment of the court, and also the brief of the defendant in support of the motion for a rehearing and brief of the plaintiff in opposition thereto. The consideration of this motion should be based *solely* upon the record made.

This entry seems to be a Rouses Point entry, but the case was first called for trial at Ogdensburg, July 8, 1941, at which time the attorney for the plaintiff moved that the case be transferred to the Detroit docket, which was granted by the court with the consent of the attorney for the defendant. Thereafter on Oct. 14, 1941, when this case was called at Detroit, Mich., the plaintiff introduced his evidence, consisting of five witnesses, and the plaintiff rested. Thereupon the attorney for the defendant moved to transfer the case to New York, saying:

Mr. O'GRADY. Your honor, I would like to move to continue this case to New York. I would like to have an opportunity to put on Government witnesses. I would like them to examine these exhibits.

\*　　\*　　\*　　\*　　\*　　\*　　\*

Judge CLINE. Transferred to New York by consent of counsel.

The case was therefore transferred to New York by consent of counsel on both sides for this purpose. On January 7, 1942, over 2½ months after the transfer of the case to New York, the case was submitted for decision on stipulation and the record theretofore made. The attorney for the defendant therefore offered no oral evidence in the case, notwithstanding he had all this time to prepare the case on behalf of the defendant for trial.

Now comes the attorney for the defendant and moves the court for a rehearing seemingly upon three grounds. First, that "the plaintiff has failed to show that the claimed rate, to wit, 35 per centum ad valorem, plus 8 cents per pound, produces a lower rate of duty than the assessed rate of 45 per centum ad valorem." Suffice it to say that this contention of the attorney for the defendant is completely refuted in part 2 of the brief of the attorney for the plaintiff.

The second ground is that "the Government is now informed and verily believes that it can secure the testimony of very competent witnesses, that the rings herein, with the possible exception of Exhibits 8 and 11, can be and are commercially used for many purposes other than the manufacturing of ball or roller bearings. The Government, if the rehearing is granted, will produce witnesses to prove that such rings are used commercially for the purpose of making blanking dies," etc.

The attorney for the defendant, however, does not state that any of the witnesses have ever examined the exhibits, or that they are qualified to testify with reference thereto, but merely states they *"are believed* to be familiar with the manufacture," etc., of merchandise like Exhibits 1 to 15 inclusive. [Italics mine.] Neither does the attorney for the defendant state why said witnesses were not produced

to testify when this case was transferred to New York on motion of the attorney for the defendant. It would therefore simply be trying a case by piecemeal, which this court and our appellate court have condemned time and again over the years.

And the third reason is that the attorney for the defendant contends for this motion for a rehearing upon the ground that the decision herein does not distinctly enough describe the merchandise at bar so that its judgment may be followed by the customs officials in classifying other rings which are not of the same kind as the merchandise at bar. etc., in this case.

I have carefully re-read the original decision and judgment written by Judge Dallinger, and I do not observe any ambiguity or uncertainty in this opinion and judgment. They are clear and concise.

This division, in at least two well-written opinions, has refused a rehearing in cases very similar and analogous to this one. In the case of *Ely & Walker Dry Goods Co.* v. *United States*, T. D. 43598 (56 Treas. Dec. 264), wherein the facts were almost identical with this case, Judge Tilson, writing the opinion for the Division, well said in the syllabus as follows:

Failure of counsel to properly prepare or sufficiently present a cause affords no ground on which an application for rehearing can be based. To hold that a party was entitled to a rehearing on the ground that at the time of the trial it did not produce all the evidence available which tended to support its claim would be to sustain the *untenable theory* that it had a right to try its case by piecemeal.

[Italics mine.]

Also in the case of *Meadows, Wye & Co.* v. *United States*, T. D. 44145 (58 Treas. Dec. 62), this Division refused a motion for a rehearing in a case very similar to the one at bar, and Judge Tilson also wrote this opinion for the Division. He said in the syllabus:

To grant a motion for rehearing, where it is obvious that the real ground of such motion is that the moving party should have an opportunity to introduce cumulative testimony on a material issue, clearly known to it before the trial, or of which it was charged with knowledge, would be to sustain the *untenable theory* that the party had a right to try its case by piecemeal. To this procedure we can not subscribe. The motion is therefore denied.

[Italics mine.]

Also in the body of said opinion Judge Tilson stated, after citing some authorities, that "The ruling announced by the Court of Customs Appeals in the authorities cited and quoted was followed by this court in the case of *Ely & Walker Dry Goods Co.* v. *United States*. * * * To grant a rehearing on the record before us would be to hold directly opposite to the Court of Customs Appeals in the cases hereinbefore cited, and we would also have to reverse our decision in the *Ely & Walker* case, *supra.*"

To all of the above I heartily agree, and I am further of the opinion that the granting of the motion for a rehearing in this case would be reversing both of said decisions, and would be a glaring example, approved by this court, of the piecemeal method of trying cases. So I say again, I have carefully examined this entire record, which is the only light to guide me in arriving at a decision in this matter, and I am thoroughly of the opinion, and so hold, that the defendant has had every opportunity to offer all the evidence it desired in this case, and has failed to do so. Moreover, on the other hand, after having the case transferred to New York, and the plaintiff agreeing thereto, for the purpose of offering evidence in behalf of the defendant, the defendant subsequently submitted the case without offering any evidence in its own behalf.

I am thoroughly of the opinion that this motion for a rehearing should be denied.

D. H. KINCHELOE. J.